■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNELL FRANK, Appellant. [884 NYS2d 718]—

Appeal from judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered May 24, 2006, convicting defen-

dant, upon his plea of guilty, of forgery in the second degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, held in abeyance, and the matter remanded for a hearing on defendant's suppression motion.

In summarily denying defendant's motion to suppress physical evidence seized from his apartment on the day of his arrest, Supreme Court found that defendant failed "to allege any sworn allegations of fact in his motion to contest the factual allegations set forth by the People in the felony complaint, VDF, indictment, and read at the defendant's Supreme Court arraignment" and that, even though defendant had "direct knowledge of the facts concerning what property was recovered," he failed "to assert a possessory interest" in the property.

Contrary to Supreme Court's conclusions, the affirmation of defendant's counsel provided all the particulars required in a motion alleging violation of *Payton v New York* (445 US 573 [1980]), namely, that defendant "was lawfully inside his apartment at the time of the seizure and [d]id not engage in any activity on the date in question that would give [grounds for his arrest]"; and that the items of property, "all items enumerated in the v.d.f.," were seized illegally at the time of his arrest because "the police lacked probable cause to go to his apartment and take him into custody." Counsel additionally asserts that "the police did not have an arrest warrant."

The People's only "factual" response to defendant's *Payton* motion was: "As the VDF indicates, the People intend to introduce certain tangible evidence. The evidence was lawfully obtained, and the People deny all allegations to the contrary." The People did not say that the police had a warrant or that defendant was outside in the hallway or at his apartment entrance or that defendant consented to have the police enter and search his apartment. They merely stated that defendant was arrested at "60 West 125 Street."

Based upon the foregoing, we find that the summary denial of defendant's motion to suppress physical evidence seized from his apartment on the day of his arrest was improper and, accordingly, remand the matter for a hearing on the motion. Concur—Andrias, J.P., Friedman, Buckley, Catterson and Acosta, JJ.